Kim E. Richman
**THE RICHMAN LAW GROUP**
195 Plymouth Street
Brooklyn, NY 11201
krichman@richmanlawgroup.com
(212) 687-8291 (telephone)
(212) 687-8292 (facsimile)

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARVIN HARRIS,

      Plaintiff,

      -against-

THE CITY OF NEW YORK, P.O. PAUL
VERAS (Shield #13791) and P.O.s JOHN
AND JANE DOE #1-10, Individually and
in their Official Capacities (the names
"John and Jane Doe" being fictitious, as
the true names are presently unknown),

      Defendants.

---

1:15-cv-01939-NRB

**AMENDED COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff Marvin Harris, by his attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff Marvin Harris ("Plaintiff") brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), POLICE OFFICER PAUL VERAS (Shield #13791) and POLICE OFFICERS JOHN AND JANE DOE #1-10 (collectively "Defendants"), all acting under color of state law and pursuant to

their authority, in violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.      This action seeks redress for violations of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff Marvin Harris is thirty year-old African-American male, who, at all times relevant hereto,  was a resident of Bronx County, located in the Southern District of New York.

7.      Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs,

and controls the New York City Police Department ("NYPD"), which employs Defendant P.O. PAUL VERAS and P.O.s JOHN AND JANE DOE #1-10.

8.     At all times relevant to this action, Defendant P.O. PAUL VERAS and P.O.s JOHN AND JANE DOE #1-10 were police officers employed by the NYPD and acting under color of state law.

9.     Defendant P.O. PAUL VERAS and P.O.s JOHN AND JANE DOE #1-10 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.     Defendant CITY was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12.     At all times relevant hereto, Plaintiff Marvin Harris resided at a rented apartment within a private home located at 3566 Paulding Avenue, Bronx, New York.

13.     On or about October 26, 2014, at approximately 2 a.m., Plaintiff Marvin Harris and his wife, three step-daughters and cousin were lawfully present at his residence on Paulding Avenue when Defendant Officers arrived.

14.     Defendants P.O. Paul Veras (Shield #13791) and P.O. John Doe #1 informed Plaintiff that Defendant Officers had received a noise complaint from their landlord, who lived in the basement below Plaintiff's apartment.

15.     A few days before, NYPD Officers had come to Plaintiff's home at around 6 a.m. in response to a noise complaint made by his landlord while Plaintiff and his family were asleep.

16.     After Plaintiff finished speaking with Defendant Officers, Plaintiff closed his apartment door and began talking to his wife, who had started crying in response to the stress of Defendant Officers visiting their home during the night.

17.     Unbeknownst to Plaintiff and his family, Defendant Officers did not leave, but remained outside Plaintiff's residence.

18.     As Plaintiff and his wife were conversing, Defendants P.O. Paul Veras, along with other Defendant Officers, barged into Plaintiff's residence.

19.     Defendant Officers claimed that they had overheard children crying from outside.

20.     Defendant Officers instructed Plaintiff's cousin to take Plaintiff's step-children into a different room.

21.     Plaintiff pleaded with Defendant Officers to leave his family and him alone.

22.     In response, Defendant Officer John Doe #2, without provocation or any legally justifiable reason to do so, took Plaintiff into a headlock.

23.     Plaintiff had recently been in a car accident in which he dislocated his shoulder. At the time of this incident, Plaintiff was still recovering from surgery on this shoulder.

4

24.     Plaintiff's wife protested and informed Defendant Officer John Doe #3 of Plaintiff's recovering shoulder.

25.     Defendant Officer ignored Plaintiff's wife's pleas.

26.     While Defendant Officer John Doe #2 held Plaintiff in a headlock, other Defendant Officers began to kick and punch Plaintiff throughout his body.

27.     Next, Defendant Officer John Doe #3 threw Clorox bleach in Plaintiff's face and then proceeded to aggressively grab and pull Plaintiff's sweater over his head so that Plaintiff could not see.

28.     Defendant Officer John Doe #3 proceeded to beat Plaintiff, along with the other Defendant Officers. Plaintiff's step-children witnessed this beating.

29.     Once Defendant Officer John Doe #3 and the other Defendant Officers ceased their beating of Plaintiff, Defendant Officer John Doe #3 arrested and handcuffed Plaintiff, and then brought Plaintiff outside toward the NYPD vehicle.

30.     Before placing Plaintiff in the NYPD vehicle, and while Plaintiff remained handcuffed, Defendant John Doe #4 punched Plaintiff with a closed fist approximately five times.

31.     Defendant Officer Jane Doe #1 told Plaintiff's wife to fill out a Domestic Incidence Report against Plaintiff.  Defendant Officer Jane Doe #1 threatened Plaintiff's wife that she would call the City's Child Protective Services to take her children away if Plaintiff's wife refused to file a report against Plaintiff.

32.     Plaintiff's wife filled out a Domestic Incident Report signed by Defendant P.O. Paul Veras.

33.     Next, Defendant NYPD Officers transported Plaintiff to the NYPD 47th Precinct, where he remained for approximately twelve (12) hours.

34.     On or about October 27, 2014, Plaintiff was finally released from custody.

35.     Plaintiff immediately sought medical treatment at Montefiore Hospital for the injuries he suffered during the beating by Defendant Officers.

36.     Plaintiff's wife later refused to cooperate with the prosecution of Plaintiff and the charges against Plaintiff were dropped.

37.     While he was being unjustly kept in custody and deprived of his liberty by Defendant NYPD officers, Plaintiff endured emotional distress and humiliation due to his being falsely accused for these alleged crimes.

38.     As a result of the aforementioned violations of his civil rights, Plaintiff was subjected to the humiliation of being arrested and led away in full public view in front of his family and peers, and faced the stigma of being falsely accused, arrested and detained on domestic violence charges, all of which resulted in damage to his esteem and reputation within his community.


## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

39.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

40.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

41.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

42.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

43.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies all under the supervision of ranking officers of said department.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

45.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

46.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

47.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

48.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

49.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

50.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

51.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

52.     As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

53.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

54.     As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of his community.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL ENTRY UNDER 42 U.S.C. § 1983

55.     Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

56.     Defendants acting under color of law, entered Plaintiffs' home without consent, privilege or excuse, in violation of their Fourth and Fourteenth Amendment rights.

57.     As a result of Defendants' aforementioned conduct, Plaintiffs' constitutional rights to be free from unlawful entry were violated, and they were subjected to trespass, invasion of privacy, interference with the use and enjoyment of their home, emotional distress, shock, fear, humiliation, embarrassment, and significant disruption to their life.

**FOURTH CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

58.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

59.     The degree of force used by Defendants was excessive, unreasonable and unwarranted.

60.     Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

61.     As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bone fractures, contusions, and bruising and swelling about his body.

62.     All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FIFTH CLAIM FOR RELIEF:**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983**

63.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

64.     Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

65.     Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

66.     Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve arrest numbers of the NYPD, among other collateral objectives.  This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

67.     The criminal charges against Plaintiff were terminated in his favor.

68.     As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

### SIXTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

69.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

70.     Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

71.     The criminal charges against Plaintiff were terminated in his favor.

10

72.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

73.     Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

74.     As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.


**SEVENTH CLAIM FOR RELIEF:**
**DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS**
**MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES**
**CONSTITUTION**

75.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

76.     As described above, Defendants acted with deliberate indifference to Plaintiff's serious medical needs, by among other things, ignoring objective evidence of Plaintiff's serious need for medical care and unduly delaying Plaintiff's medical treatment and causing Plaintiff to experience undue suffering and the threat of residual injury.

77.     Defendants consciously disregarded the serious medical risk posed by Plaintiff's injuries by, among other things, unreasonably delaying in providing essential emergency treatment.

78.     As a consequence thereof, Plaintiff has been injured.


**EIGHTH CLAIM FOR RELIEF:**
**EQUAL PROTECTION UNDER 42 U.S.C. § 1983**

79.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

80.     Defendants unlawfully singled out Plaintiff and violated his Fourth, Fifth, and Fourteenth Amendments, in part because of his race, age and gender.

81.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

82.     As a result of Defendants' uunlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.   Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.


**NINTH CLAIM FOR RELIEF:**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**

83.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

84.     Those defendants that were present during the time when Plaintiff's constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene. Accordingly, the

defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments. As a direct and proximate result of this unlawful conduct, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

**TENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

85.    Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

86.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

87.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

88.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

89.    The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

90.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

91.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

92.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

93.     Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

94.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

      a.     Not to be deprived of liberty without due process of law;

      b.     To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

      c.     To be free from false arrest;

      d.     To receive equal protection under the law; and

      e.     To be free from infliction of emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief,

jointly and severally, against Defendants:

1.   Special and compensatory damages in the amount of ONE MILLION

     ($1,000,000) DOLLARS;

2.   Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS;

3.   Reasonable attorney's fees and costs; and

4.   Such other and further relief as this Court deems just and proper.


DATED:        New York, New York
              April 3, 2015

                                         Respectfully submitted,



                                         _____

                                         Kim E. Richman
                                         **THE RICHMAN LAW GROUP**
                                         195 Plymouth Street
                                         Brooklyn, NY 11201
                                         krichman@richmanlawgroup.com
                                         212-687-8291 (telephone)
                                         212-687-8292 (facsimile)

                                         *Attorney for Plaintiff*